# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

In re: §
      §
Richard Watson §   Case No. 13-18382
Carole Watson §
      §
      §
     Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter   of the United States Bankruptcy Code was filed on   . The undersigned trustee was appointed on   .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of      $

    Funds were disbursed in the following amounts:

    Payments made under an interim disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]      $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____   By:/s/DAVID R. BROWN_____
                                  Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 13-18382 | DRC | Judge: | Donald R Cassling | Trustee Name: | DAVID R. BROWN |
|---|---|---|---|---|---|---|
| Case Name: | Richard Watson | | | | Date Filed (f) or Converted (c): | 04/30/2013 (f) |
| | Carole Watson | | | | 341(a) Meeting Date: | 05/28/2013 |
| For Period Ending: | 03/13/2015 | | | | Claims Bar Date: | 11/19/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 4N064 Wood Dale Road, Addison Il 60101 - 4 Bedroom, 2 bathrooms, primary residence of the Debtors ; Property sold at judicial sale of second lien on 3/15/2013 in DuPage County Case #12-CH-002980.  Succesfful 3rd party bidder was THR Properties, represented | 220,000.00 | 20,000.00 | | 0.00 | FA |
| 2. 6742 S. Claremont, Chicago, Il 60636 - Frame, Single Family   Real estate has numerouse building code violations, and is located in high crime area.  Unable to sell in current condition. | 50,000.00 | 0.00 | | 0.00 | FA |
| 3. 2058 W. 69Th Place, Chicago, Il 60636 | 65,000.00 | 0.00 | | 0.00 | FA |
| 4. Petty Cash | 120.00 | 0.00 | | 0.00 | FA |
| 5. Joint Checking Of The Debtors Checking, Account Number Xxxx3 | 1,500.00 | 0.00 | | 0.00 | FA |
| 6. Security Deposit For Tenants Of 6742 S. Claremont, Chicago, | 1,050.00 | 0.00 | | 0.00 | FA |
| 7. One Ordinary Lot Of Misc. Used Household Goods And Furnishin | 1,500.00 | 0.00 | | 0.00 | FA |
| 8. Necessary Wearing Apparel Of The Debtors | 750.00 | 0.00 | | 0.00 | FA |
| 9. Wedding Ring Of The Joint Debtor, Approximate Value Of $1,00 | 1,000.00 | 0.00 | | 0.00 | FA |
| 10. Debtor's Whole Life Insurance Policy With Northfiled Insuran | 1,500.00 | 0.00 | | 0.00 | FA |
| 11. Richard Watson's Ira Account With Vanguard Voyager Services, | 120,000.38 | 0.00 | | 0.00 | FA |
| 12. Joint Debtor's Roth Ira  With Pnc Bank, Account Number Xxxx2 | 5,000.00 | 0.00 | | 0.00 | FA |
| 13. Debtor's (Richard Watson) 50% Interest In S.K.R.W., Inc.,   a corporation that holds 6 parcels of real estate.  See Exhibit A attached hereto for further information regarding each parcel. | 0.00 | 0.00 | | 0.00 | FA |
| 14. Anticipated 2012 Income Tax Refund Of The Debtors   (Debtors have filed an extension for the filing of their 2012 income tax return and as of the date of the petition have not yet filed their 2012 income tax return), federal and state, $4,000.00 | 4,000.00 | 0.00 | | 0.00 | FA |
| 15. 1998 Toyota Camry, Approximately 145,000 Miles | 3,000.00 | 0.00 | | 0.00 | FA |
| 16. rent from 6742 S Claremont (u) | Unknown | 0.00 | | 11,550.00 | FA |

**UST Form 101-7-TFR (5/1/2011)** *(Page: 3)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 13-18382 | DRC | Judge: | Donald R Cassling | Trustee Name: | DAVID R. BROWN |
|---|---|---|---|---|---|---|
| Case Name: | Richard Watson | | | | Date Filed (f) or Converted (c): | 04/30/2013 (f) |
| | Carole Watson | | | | 341(a) Meeting Date: | 05/28/2013 |
| For Period Ending: | 03/13/2015 | | | | Claims Bar Date: | 11/19/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| INT.  Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)      $474,420.38      $20,000.00           $11,550.00      $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trustee is unable to sell real estate (asset #2).  Property has numerous building code violations and it is located in a dangerous part of Chicago.  Trustee will review claims and file objections thereto if necessary.  Then the Final Report will be prepared.

Initial Projected Date of Final Report (TFR): 03/11/2014      Current Projected Date of Final Report (TFR): 12/15/2014

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |  | | |
|---|---|---|---|---|
| Case No: | 13-18382 | Trustee Name: | DAVID R. BROWN | |
| Case Name: | Richard Watson | Bank Name: | The Bank of New York Mellon | |
| | Carole Watson | Account Number/CD#: | XXXXXX7478 | |
| | | | Checking | |
| Taxpayer ID No: | XX-XXX0296 | Blanket Bond (per case limit): | $5,000,000.00 | |
| For Period Ending: | 03/13/2015 | Separate Bond (if applicable): | | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 08/07/13 | 16 | Dubois Douglas Centres<br>4747 Lincoln Mall Drive<br>Suite 301<br>Matteson, IL 60443 | rent<br>June/July 2013 rent | 1122-000 | $2,100.00 | | $2,100.00 |
| 09/09/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $2,090.00 |
| 10/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $2,080.00 |
| 11/07/13 | 16 | The Dubois-Douglas Centres<br>4747 Lincoln Mall Drive, Suite 301<br>Matteson, IL 60443 | rent | 1122-000 | $3,150.00 | | $5,230.00 |
| 11/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $5,220.00 |
| 12/06/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $5,210.00 |
| 12/10/13 | 16 | The Dubois-Douglas Centres<br>4747 Lincoln Mall Drive<br>Suite 301<br>Matteson, IL 60443 | rent | 1122-000 | $1,050.00 | | $6,260.00 |
| 12/10/13 | 16 | The Dubois-Douglas Centres<br>4747 Lincoln Mall Drive, Suite 301<br>Matteson, IL 60443 | Rent Reversal NFS Check #3738 Bounced | 1122-000 | ($3,150.00) | | $3,110.00 |
| 12/30/13 | 16 | Dubois Douglas Centres<br>4747 Lincoln Mall Dr<br>Suite 502<br>Matteson, IL 60443 | rent<br>replaces NSF check | 1122-000 | $3,150.00 | | $6,260.00 |
| 01/08/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $6,250.00 |
| 01/13/14 | 16 | The Dubois-Douglas Centres<br>4747 Lincoln Mall Drive<br>Suite 301<br>Matteson, IL 60443 | rent | 1122-000 | $1,050.00 | | $7,300.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*    Page Subtotals:    $7,350.00    $50.00

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| Case No: | 13-18382 | Trustee Name: | DAVID R. BROWN |
|---|---|---|---|
| Case Name: | Richard Watson | Bank Name: | The Bank of New York Mellon |
| | Carole Watson | Account Number/CD#: | XXXXXX7478 |
| | | | Checking |
| Taxpayer ID No: | XX-XXX0296 | Blanket Bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 03/13/2015 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 02/04/14 | 1001 | INTERNATIONAL SURETIES, LTD<br>Suite 420<br>701 Poydras St<br>New Orleans, LA 70139 | bond premium | 2300-000 | | $0.00 | $7,300.00 |
| 02/04/14 | 1001 | INTERNATIONAL SURETIES, LTD<br>Suite 420<br>701 Poydras St<br>New Orleans, LA 70139 | bond premium Reversal | 2300-000 | | $0.00 | $7,300.00 |
| 02/04/14 | 1002 | INTERNATIONAL SURETIES, LTD<br>Suite 420<br>701 Poydras St<br>New Orleans, LA 70139 | bond premium | 2300-000 | | $5.00 | $7,295.00 |
| 02/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $7,285.00 |
| 02/28/14 | 16 | DuBois-Douglas Centres<br>4747 Lincoln Mall Dr<br>Suite 502<br>Matteson, IL | rent<br>replace nsf check | 1122-000 | $1,050.00 | | $8,335.00 |
| 03/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $8,325.00 |
| 03/13/14 | 16 | The Dubois-Douglas Centres<br>4747 Lincoln Mall Drive<br>Suite 301<br>Matteson, IL 60443 | rent Reversal<br>returned NSF | 1122-000 | ($1,050.00) | | $7,275.00 |
| 04/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.66 | $7,264.34 |
| 04/08/14 | 16 | DuBois-Douglas Centres<br>4747 Lincoln Mall Drive<br>Suite 502<br>Matteson, IL 60443 | rent | 1122-000 | $1,050.00 | | $8,314.34 |
| 05/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $11.51 | $8,302.83 |

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*      Page Subtotals:      $1,050.00      $47.17

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| Case No: | 13-18382 | Trustee Name: | DAVID R. BROWN |
|---|---|---|---|
| Case Name: | Richard Watson | Bank Name: | The Bank of New York Mellon |
|  | Carole Watson | Account Number/CD#: | XXXXXX7478 |
|  |  |  | Checking |
| Taxpayer ID No: | XX-XXX0296 | Blanket Bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 03/13/2015 | Separate Bond (if applicable): |  |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 05/20/14 | 16 | DuBois-Douglas Centres<br>4747 Lincoln Mall Dr<br>Suite 502<br>Matteson, IL 60443 | rent | 1122-000 | $1,050.00 |  | $9,352.83 |
| 06/06/14 |  | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 |  | $12.85 | $9,339.98 |
| 07/08/14 |  | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 |  | $13.44 | $9,326.54 |
| 07/24/14 | 16 | Dubois-Douglas Centres | rent | 1129-000 | $1,050.00 |  | $10,376.54 |
| 08/07/14 |  | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 |  | $14.07 | $10,362.47 |
| 09/08/14 |  | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 |  | $15.41 | $10,347.06 |
| 10/07/14 |  | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 |  | $14.89 | $10,332.17 |
| 11/07/14 |  | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 |  | $15.36 | $10,316.81 |
| 12/05/14 |  | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 |  | $14.84 | $10,301.97 |
| 01/08/15 |  | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 |  | $15.31 | $10,286.66 |
| 02/06/15 |  | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 |  | $15.29 | $10,271.37 |
| 02/11/15 | 1003 | ARTHUR B. LEVINE COMPANY<br>60 East 42nd Street<br>Room 965<br>New York, NY 10165 | bond No. 10BSBGR6291 | 2300-000 |  | $6.00 | $10,265.37 |

| UST Form 101-7-TFR (5/1/2011) *(Page: 7)* |  | Page Subtotals: | $2,100.00 | $137.46 |

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | | |
|---|---|---|
| Case No: 13-18382 | Trustee Name: | DAVID R. BROWN |
| Case Name: Richard Watson | Bank Name: | The Bank of New York Mellon |
| Carole Watson | Account Number/CD#: | XXXXXX7478 |
| | | Checking |
| Taxpayer ID No: XX-XXX0296 | Blanket Bond (per case limit): | $5,000,000.00 |
| For Period Ending: 03/13/2015 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 02/27/15 | 16 | DuBois-Douglas Centres<br>4747 Lincoln Mall Drive<br>Suite 502<br>Matteson, IL 60443 | rent | 1122-000 | $1,050.00 | | $11,315.37 |
| 03/06/15 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $13.79 | $11,301.58 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | $11,550.00 | $248.42 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $11,550.00 | $248.42 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $11,550.00 | $248.42 |

UST Form 101-7-TFR (5/1/2011) *(Page: 8)*      Page Subtotals:    $1,050.00    $13.79

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX7478 - Checking | $11,550.00 | $248.42 | $11,301.58 |
|  | $11,550.00 | $248.42 | $11,301.58 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $11,550.00 |
| Total Gross Receipts: | $11,550.00 |

Exhibit C

## ANALYSIS OF CLAIMS REGISTER

Case Number: 13-18382  
Debtor Name: Richard Watson  
Claims Bar Date: 11/19/2013  

Date: March 13, 2015

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | DAVID R. BROWN<br>400 SOUTH COUNTY FARM ROAD<br>WHEATON, IL  60187 | Administrative | | $0.00 | $1,905.00 | $1,905.00 |
| 1 300 7100 | Bmo Harris Bank Na<br>Attn: Francis J Pendergast<br>Crowley & Lamb<br>221 N. Lasalle Street, Suite 1550<br>Chicago, Il 60610 | Unsecured | | $0.00 | $549,734.78 | $549,734.78 |
| 2 300 7100 | Bmo Harris Bank Na<br>111 W. Monroe<br>Chicago, Il 60603 | Unsecured | | $0.00 | $0.00 | $0.00 |
| | Case Totals | | | $0.00 | $551,639.78 | $551,639.78 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-18382
Case Name: Richard Watson
           Carole Watson
Trustee Name: DAVID R. BROWN

Balance on hand $ _____

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: DAVID R. BROWN | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses    $_____

Remaining Balance    $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ _____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Bmo Harris Bank Na | $ | $ | $ |
| 2 | Bmo Harris Bank Na | $ | $ | $ |

Total to be paid to timely general unsecured creditors             $_____

Remaining Balance                                                  $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE